11133

GRIFFITH *ET AL.* v. HODGES *ET AL.*

(115 S. E., 806)

ACTION—JOINDER OF MORTGAGEE AND HIS ASSIGNEES IN FORECLOSURE HELD PROPER.—Where a mortgagee holding three mortgages, given by a common mortgagor on the same property, assigned them to different persons as collateral security for loans, the mortgagee and his assignees were properly joined as parties plaintiff in a suit to foreclose and to have a common $800 payment by the mortgagor properly applied to the mortgage debts, basing their suit upon three causes of action, one for each mortgage.

Before MOORE, J., Richland, May, 1922. Affirmed.

Action by D. J. Griffith and others against P. A. Hodges and others. From an order overruling demurrer to the complaint the defendant Hodges appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *Several causes for action improperly united:* 13 S. C., 317; 47 S. C., 211; 24 S. C., 39; 24 S. C., 474.

*Mr. D. W. Robinson,* for respondent, cites: *All parties plaintiff were necessary parties:* 109 S. C., 134; 109 S. C., 237; 94 S. C., 316; 78 S. C., 308; 1 Pom. Eq. Jur. (4th Ed.), Sec. 114. *Causes of action properly joined and set out:* 109 S. C., 134; 48 S. C., 65; 49 S. C., 128; 59 S. C., 22; 13 S. C., 441; 14 S. C., 494; 13 S. C., 325.

February 7, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case contains the following:

"This was an action commenced by the plaintiffs for the purpose of foreclosing three mortgages on real estate, all given by the defendant P. A. Hodges to the plaintiff D. J. Griffith. Two of these mortgages had been assigned by the plaintiff D. J. Griffith to his coplaintiff C. L. Kibler, as collateral security for a debt; and one of said mortgages

had been assigned by the plaintiff D. J. Griffith to his co-plaintiff Ruth B. Griffith, as collateral security for an indebtedness to her.

"The defendant Gilbert Fertilizer Company was made a party as holding a mortgage covering all of the tracts of land upon which the foreclosure was being brought, but which mortgage was second and junior to the mortgages held by plaintiffs.

"Southern States Life Insurance Company was made a party as holding a judgment against the defendant, P. A. Hodges, junior to both mortgages.

"COMPLAINT—BRIEF OF

"The complaint contains three separate causes of action.

"FIRST CAUSE OF ACTION

"Sets up: (1) Residence of defendants, and the location of the land in Lexington County. (2) The debt and execution of the note November 24, 1919, securing $5,594, payable in two equal annual installments thereafter, interest at 8 per cent. payable annually. (3) Execution of mortgage securing the same on two tracts of 91 acres and of 48.85 acres. (4) Recording of the mortgage. (5) Provision for attorney's fees. (6) 'That no part of the indebtedness evidenced by said note and secured by the said mortgage hereinabove mentioned and referred to has been paid, except that the sum of eight hundred ($800.00) dollars was paid on January 29, 1921, applicable to the said indebtedness mentioned in this cause of action, and the indebtedness mentioned in the second and third causes of action hereinbelow; and there is still due and unpaid on the said indebtedness, and on the said mortgage, the principal thereof, together with the interest as set forth and specified in said note and mortgage.' (7) 'On information and belief, that the defendant Gilbert Fertilizer Company holds a second mortgage on and over the property hereinabove and hereinbelow described, which is second and junior to the

lien and mortgage herein mentioned and set forth; and further, on information and belief, the Southern States Life Insurance Company holds a judgment against said defendant, P. A. Hodges, docketed in Lexington County, which is a lien on said premises, but junior and subsequent to the mortgage herein set forth.'   (8) The assignment of the note and mortgage to Ruth B. Griffith as collateral security for a debt to her.

### "SECOND CAUSE OF ACTION

"This is similar in all essentials to the first cause of action, except that the debt is $6,368, the mortgage covers 477.6 acres, and the note and mortgage were assigned to C. L. Kibler, as collateral security for indebtedness to him.

### "THIRD CAUSE OF ACTION

"This is similar in all essentials to the first and second, except the debt is $1,446.17, the mortgage covers 103.85 acres, and is assigned as collateral security to C. L. Kibler.

"The prayer for relief asks for judgment against P. A. Hodges for the indebtedness mentioned in the complaint, for foreclosure and sale of the mortgaged premises and application of the proceeds to the payment of the indebtedness of the plaintiffs, and for such other and further relief as the plaintiffs may be entitled to.

### "DEMURRER

"The defendant P. A. Hodges, on the 22d of January, 1922, filed a demurrer to the complaint on the following grounds: '(1) Because it appears upon the face of the complaint that several causes of action have been improperly united.   (2) Because it appears upon the face of the complaint that persons having separate causes of action have been joined in the same complaint.'

"Upon hearing the demurrer, the Judge made the following

"ORDER

"Upon hearing and considering the motion, I am of opinion that the demurrer is not well taken; that all of the plaintiffs are necessary parties to proper and full determination of the case. It is therefore ordered that the demurrer be, and the same is hereby, overruled, and the defendant Hodges is allowed to answer within 20 days from the filing of this order.

"Ernest Moore, Presiding Judge.
"May 10, 1922.

"Thereafter, the defendant Hodges duly gave notice of intention to appeal, and subsequent thereto, on June 22d, served the following exceptions:

"EXCEPTIONS

"(1) Because his Honor erred in holding that all the plaintiffs were necessary parties to said action. (2) Because his Honor erred in not holding that several causes of action were improperly united. (3) Because his Honor erred in not sustaining defendant's demurrer, and erred in not dismissing the complaint because it appeared upon the face of the complaint that several plaintiffs having different causes of action were united in the same complaint.

"Graydon & Graydon,
"Appellant's Attorneys."

In *Pollock v. Association,* 48 S. C., 79, 25 S. E., 982, 59 Am. St. Rep., 695, we find:

"We find that the text-writers, upon the construction of this seemingly simple provision, have not laid down any inflexible rule to determine its meaning and application. There is no comprehensive rule, it would seem, by which cases' that may arise under this section may be decided. Mr. Pomeroy, in his work on Remedies and Remedial Rights, p. 479, says: 'The most incongruous and dissimilar causes of action may be joined if they arise out of the same

transaction or transactions connected with the same subject of action.' "

Here D. J. Griffith, one of the plaintiffs, having assigned the mortgages as collateral security for his debt, had an equity in each of the three mortgages. The payment of $800 not applied as yet to either mortgage was common to the three mortgages, and its application a subject of judicial determination. The defendant Hodges was the mortgagor in each of these; the defendant fertilizer company had a mortgage covering all of the land; the defendant insurance company had a judgment covering all of the land. If either of these parties had brought suit to enforce his or its lien, it would have been necessary to make just such a consolidation as the plaintiffs have voluntarily made.

The order appealed from is affirmed.